EL PUEBLO, DEMANDANTE Y APELADO, *v.* RUIZ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en causa por delito contra la salud
pública.

No. 1514.—Resuelto en junio 25, 1920.

DELITO CONTRA LA SALUD PÚBLICA — LECHE ADULTERADA — ACUSACIÓN INSUFI-
CIENTE—INTENCIÓN.—La ley castiga el hecho de adulterar o diluir leche
"con intención" de ofrecerla a la venta. Castiga de igual modo al que cause
o permita que la leche se ofrezca en venta, o al que la venda, o al que la
ofrezca, o al que la tenga en venta, pero no castiga al que la tenga simple-
mente en su poder con la intención, no traducida aun en hecho alguno, de
venderla. En la única forma del delito en que la ley habla de intención, es
en la de realizarlo por virtud del acto mismo de la adulteración o dilución
de la leche. Cuando la ley se refiere a la forma de tener en venta la leche
adulterada o diluída, no emplea las palabras "con la intención," sino que
se refiere al hecho actual y positivo de tener u ofrecer en venta la leche.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Sarriera Egozcue.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

La acusación en este caso imputa a Pilar Ruiz el hecho
de tener, con intención de ofrecerla en venta, leche de vaca
adulterada con agua.

Celebrado el juicio, el acusado fué condenado a quince
días de cárcel y no conforme con esa sentencia, apeló para
ante este tribunal.

El primer fundamento del recurso es el de que la acu-
sación no imputa un delito previsto y castigado por la ley.

El estatuto aplicable es la ley proveyendo lo necesario
para castigar la adulteración de leche, ofrecerla o tenerla
para la venta, aprobada en 10 de marzo de 1910.

Dicho estatuto fué estudiado e interpretado por esta Corte
Suprema en un caso similar al presente, en abril 11, 1919,
*El Pueblo* v. *Camuñas,* 27 D. P. R. 311, y se aplicó recien-
temente en el de *El Pueblo* v. *Pérez,* decidido el diez de ju-
nio actual, (pág. 595).

La ley castiga el hecho de adulterar o diluir leche "con intención" de ofrecerla a la venta. Castiga de igual modo al que cause o permita que la leche se ofrezca en venta, o al que la venda, o al que la ofrezca, o al que la tenga en venta, pero no castiga al que la tenga simplemente en su poder con la intención, no traducida aun en hecho alguno, de venderla. La diferencia parece sutil, pero se trata de un estatuto criminal y debe interpretarse restrictivamente.

El hecho de tener una persona leche adulterada con agua con intención de venderla, puede, comprender, por ejemplo, el caso de un ciudadano que en su vivienda particular tiene ese artículo y en un momento en que la idea del mal predomina en su cerebro, decide mentalmente venderla en esas condiciones. Tal caso no está comprendido en los términos de la ley.

Por el contrario, si se imputa a una persona el hecho actual de tener a la venta leche de vaca adulterada o diluída, por ejemplo, en un depósito, entonces se imputa claramente un delito dentro de los términos de la ley. Es cierto que en tal caso no se llega a vender el artículo, y que sólo existe en cuanto a la venta, la intención, pero esa intención se manifestó dentro de la realidad de las cosas por el hecho de llevar la leche al depósito o a otro sitio destinado para vender y tenerla allí lista, anunciándose por sí misma, para realizar la transacción ilícita. Véase el caso de *El Pueblo* v. *Pérez,* 23 D. P. R. 878.

En la única forma del delito en que la ley habla de intención, es en la de realizarlo por virtud del acto mismo de la adulteración o dilución de la leche. Cuando la ley se refiere a la forma de tener en venta la leche adulterada o diluída, no emplea las palabras "con la intención," sino que se refiere al hecho actual y positivo de tener u ofrecer en venta la leche.

Debe, pues, tenerse cuidado al redactar las acusacione . a fin de que tal vez por un mero defecto de forma, no queden impunes hechos que deben investigarse por as autori-

dades encargadas de ello contínuamente y castigarse con todo rigor, porque no solo envuelven un fraude, sino que constituyen un ataque directo a la salud del pueblo, especialmente en su parte más débil, o sea en los niños, en los ancianos y en los ya enfermos por otras causas.

Por virtud de todo lo expuesto, nos vemos obligados a resolver que debe revocarse la sentencia apelada.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en là resolución de este caso.